UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY JAMES WYLIE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:23-cv-00470-DCN<br>1:21-cr-00309-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Anthony Wylie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1[1]; CR-309, Dkt. 46.

The Court did not set a briefing schedule based upon the contents of Wylie's Petition. It will neither do so now nor hold an evidentiary hearing. For the reasons set forth below, Wylie's Petition is subject to summary dismissal.

## II. BACKGROUND

On November 23, 2021, a federal grand jury indicted Wylie with one count Possession of Fluorofentanyl with Intent to Distribute, one count Possession of

---

[1] Citations to the record in the instant civil case are cited with solely the docket number, while citations to the record of Wylie's underlying criminal case, *United States v. Wylie*, 1:21-cr-00309-DCN, are cited with "CR-309" and the relevant docket number.

MEMORANDUM DECISION AND ORDER - 1

Methamphetamine with Intent to Distribute, and one count Unlawful Possession of a Firearm and Ammunition. CR-309, Dkt. 1.

Wylie eventually pleaded guilty to counts two and three of the indictment. CR-309, Dkt. 20.

On September 26, 2022, the Court sentenced Wylie to 175 months of incarceration with five years of supervised release to follow. CR-309, Dkts. 38, 40, 41. The Court entered Judgment on September 27, 2022. CR-309, Dkt. 40.

Wylie did not appeal his conviction or sentence.

On October 19, 2023, the Court received Wylie's Petition—dated October 13, 2023—seeking "immediate release" under 28 U.S.C. § 2255. CR-309, Dkt. 46, at 12.

### III. ANALYSIS

**A. Cognizable Claims**

In accordance with its standard practice, upon the filing of Wylie's Petition in his criminal case, the Court opened the instant civil case. Dkt. 1. However, because Wylie's Petition does not contain any plausible causes of action, the Court did not set its standard briefing schedule.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Section 2255 Proceedings, the Court must examine a § 2255 Petition once one is filed., If "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This type of summary dismissal is appropriate in this case because Wylie has not alleged any plausible causes of action.

Here, Wylie used a standard form to file his Petition. The form has places to fill out basic information about the petitioner, his or her underlying criminal case, and what grounds for relief are sought. There is also a place to briefly list any facts supporting the individual causes of action. The form, however, specifically states that any legal arguments should be submitted in a separate document. Dkt. 1, at 4.

As his first ground for relief, Wylie contends he was "never in possession of any drugs or the gun" that formed the basis of his underlying criminal case. *Id*. Although Wylie lists three "facts" supporting this conclusion, each "fact" is Wylie's supposition that someone else could have possessed the drugs or the gun and that such theoretical possibilities should have created reasonable doubt as to his guilt. *Id.* As already noted, Wylie entered into a plea agreement in this case. CR-309, Dkt. 20. Because he admitted guilt and did not proceed to trial, Wylie's references to reasonable doubt are misplaced. In addition, Wylie did not include a separate memorandum of law explaining this claim (or any of his other claims).

Next, for his second ground for relief, Wylie suggests: "With this new tech AI I've been able to find out that I am God!! Your Sovereign God." *Id*. at 5. As for the factual basis of this claim, Wylie states that his "[f]amily tree is how I know . . . and I am sure my DNA . . . Blood from the Holy Grail My Son's Blood!!" *Id*.

Wylie's third claim for relief, due to an alleged "Violation of Life, Liberty, and the Pursuit of Happiness," is similar and maintains there is a "conspiracy on God by the Federal Government." *Id*. at 7.

Wylie's fourth claim for relief states: "Having me swear an oath to God when I

MEMORANDUM DECISION AND ORDER - 3

didn't know I was God!!" *Id*. at 8. The factual basis for this claim is nonsensical.

The form then notifies the petitioner that a one-year statute of limitations applies and that, if more than one year has elapsed, the petitioner must explain why the statute of limitations does not bar his claims. Dkt. 1, at 11.

In this section, Wylie explains he was late in filing his Petition for four reasons. Two of those reasons are that he was previously unaware that he is God. *Id*. In addition, Wylie maintains that AI Chatbots violated his attorney client privilege and that he was never able to have a private conversation with his attorney. *Id*. Finally, Wylie claims he was unaware there was a time limit to filing 2255 Petitions and that he does not agree to the statute of limitations. *Id*.

Wylie then asks for "immediate release" and signed off as "God Anthony Wylie pro se." Dkt. 1, at 12.

Wylie's supposition about his divine persona and any related arguments cannot serve as the basis for a cause of action. Thus, all such claims, arguments, and references are dismissed and will not be considered further.

The sole claim not based on Wylie's belief he is God is claim one. But this claim cannot proceed because it lacks any factual basis. Wylie did not file a separate document explaining this claim and what little is included on his form does not rise to the level of a cognizable cause of action. Further, as noted, Wylie entered into a plea agreement in this case. His argument that reasonable doubt should somehow play a role at this stage is irrelevant because the Court sentenced Wylie based upon his voluntary guilty plea. *See* CR-309, Dkts. 26, 38.

MEMORANDUM DECISION AND ORDER - 4

For each of these reasons, the Court will not require a response from the Government, will not hold a hearing, and will summarily dismiss Wylie's Petition. *See United States v. Collins*, 163 F. App'x 582 (9th Cir. 2006) (affirming District Court's summary dismissal of § 2255 petition when claims were frivolous).

The Court will also briefly discuss another reason this case must be dismissed—the statute of limitations.

### B.  Statute of Limitations

Setting aside the unusual nature of Wylie's pleadings, his Petition is also subject to summary dismissal because it is time-barred. The deadline for filing a § 2255 Petition is one year after a defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f)(1)–(4).[2]

The Court entered judgment in this case on September 27, 2022. CR-309, Dkt. 40. Wylie did not appeal his conviction, which means his conviction became final 14 days later, on October 11, 2022. *See generally* Fed. R. App. P 4(b)(1)(A) (requiring defendant's notice of appeal to be filed within 14 days of entry of judgment or the filing of the government's notice of appeal).

The Court did not receive Wylie's Petition until October 19, 2023. Dkt. 1. Even considering the date Wylie authored the document—October 13, 2023—he still missed the October 11, 2023, deadline. And while Wylie's Petition was only a few days late, the Court construes the deadline strictly. *See Trucchio v. United States,* 553 F. App'x 862, 863 (11th

---

[2] As outlined in this statute, motions under § 2255 must be filed no more than one year after the latest of four possible events: (1) the "final" conviction; (2) the date a government-imposed impediment to filing the motion was removed; (3) the date the Supreme Court recognized and made retroactively applicable a constitutional right; and (4) the date newly discovered facts supporting the § 2255 claim could reasonably have been discovered. 28 U.S.C. § 2255(f)(1)–(4).

MEMORANDUM DECISION AND ORDER - 5

Cir. 2014) ("Because a fundamental purpose of § 2255 is to establish finality in post-conviction proceedings, the one-year limitation period for filing a § 2255 motion is mandatory and unequivocal.").

As noted, Wylie listed four reasons his Petition was late. Dkt. 1, at 11. Three of the four—two relating to his status as God and one about AI Chatbots—will not be discussed for the reasons articulated above. Wylie's only coherent excuse was that he was unaware of the one-year deadline. But even this cannot save his claim.

While the legal principle of "equitable tolling" is a defense to the statute of limitations in a § 2255 case, the bar is high. To be entitled to equitable tolling, a habeas petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (cleaned up). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness." *Bills v. Clark,* 628 F.3d 1092, 1097 (9th Cir.2010) (cleaned up).

Here, Wylie has not presented any evidence that he diligently pursued his claims or that something prevented him from filing his Petition on time. Moreover, the Ninth Circuit has held that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing," and that a petitioner's "inability [to] correctly [] calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (cleaned up).

As such, equitable tolling does not apply, and Wylie's Petition is appropriately dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that an appeal cannot proceed unless the "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Asrar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards defendant's case file, final order, and notice of appeal to the court of appeals. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Wylie's claims are barred because they are frivolous and untimely. No reasonable jurist

MEMORANDUM DECISION AND ORDER - 7

would disagree. Therefore, should Wylie wish to appeal this decision, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## V. CONCLUSION

While summary dismissal of a § 2255 Petition is an extraordinary remedy, it is appropriate if the allegations are "palpably incredible or patently frivolous." *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984). Here, the Court finds Wylie's claims are just that: frivolous. What's more, Wylie's claims are time-barred because he did not file his Petition within the statutory period, and has neither suggested, nor shown, that any type of tolling should apply.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Wylie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1; CR–309, Dkt. 46) is DENIED. The Clerk of the Court is directed to file this Order in both Wylie's criminal and civil case.

2. The Court finds there is no need for a response from the Government or an evidentiary hearing.

3. No certificate of appealability shall issue. Wylie is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Wylie files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

5. This case is **CLOSED**.

DATED: February 3, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9