UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ANTHONY JAMES WYLIE,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 1:25-cv-00248-DCN<br>　　　　1:21-cr-00309-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Anthony Wylie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1[1]; CR-309, Dkt. 49.

The Court will not set a briefing schedule on Wylie's Petition or take any other action because Wylie is procedurally barred from proceeding in this manner. Accordingly, Wylie's Petition is summarily dismissed, and the civil case is closed.

## II. BACKGROUND

On October 19, 2023, Wylie filed a Petition under 28 U.S.C. § 2255. CR-309, Dkt. 46. The Court opened a corresponding civil case. Case No. 1:23-cv-00470-DCN. Eventually the Court denied Wylie's Petition because: 1) he filed after the applicable statute of limitations had run, and 2) his claims were frivolous. *See generally* CR-309, Dkt.

---

[1] Citations to the record in the instant civil case are cited with solely the docket number, while citations to the record of Wylie's underlying criminal case, *United States v. Wylie*, 1:21-cr-00309-DCN, are cited with "CR-309" and the relevant docket number.

47. The Court did not issue a certificate of appealability. *Id*. at 7–8. Judgment as to that Petition was entered on February 3, 2025. Wylie did not appeal the Court's denial of his Petition.

On May 8, 2025, Wylie filed the instant Petition in his criminal case again asking for a sentence reduction. Raising many of the same arguments as before—including many frivolous and outlandish arguments—Wylie asks that the Court vary from its prior sentence and release him at this time. *See generally* Dkt. 1. Pursuant to statute, the Clerk of the Court opened a corresponding civil case.

### III. DISCUSSION

A defendant is generally limited to one motion under § 2255 *after* any direct appeal has been adjudicated. A defendant may not bring a "second or successive" § 2255 motion without first obtaining certification by the Court of Appeals under the exacting standards of 28 U.S.C. § 2255(h). *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). The Ninth Circuit has defined this limitation as "jurisdictional." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015).

Having already filed a § 2255 Petition, Wylie can only file *successive* § 2255 Petitions. But doing so requires Circuit approval, which Wylie has not obtained.

In light of this failure, the Court has no choice but to sua sponte dismiss Wylie's Petition as the Court lacks jurisdiction over the case. If Wylie elects, he may petition the Ninth Circuit for leave to file a successive § 2255 Petition. Unless and until Wylie obtains said permission, however, he is barred from bringing any petitions under § 2255.

MEMORANDUM DECISION AND ORDER - 2

## IV. ORDER

1.  Wylie's Petition (Dkt. 1; CR-309, Dkt. 49) is DISMISSED and the civil case (1:25-cv-00248) is CLOSED.

DATED: May 9, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3